UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 19-mj-03237-Goodman

UNITED STATES OF AMERICA

vs.

MULLER VEDRINE,

Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?    ___Yes  _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___Yes  _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
Yara L. Klukas
Assistant United States Attorney
Florida Bar No. 73101
99 Northeast 4th Street
Miami, FL. 33132-2111
Tel: (305) 961-9102
Yara.Klukas@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 19-mj-03237-Goodman |
| MULLER VEDRINE | ) |
| | ) |
| | ) |
| _Defendant(s)_ | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 1, 2019__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1029(a)(3) | Posession of 15 or more unathorized access devices |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Natalya Kaczmarczyk, Special Agent, USSS
_Printed name and title_

Sworn to before me and signed in my presence.

Date: August 2, 2019

_Judge's signature_

City and state: Miami, Florida

Jonathan Goodman, Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Natalya Kaczmarczyk, being first duly sworn, hereby depose and state:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent with the United States Secret Service ("USSS"), and have been so employed since April 2017. During the course of my career, I have been trained to conduct criminal investigations involving or relating to the financial infrastructure of the United States, including identity theft, counterfeit US currency, wire fraud and access device fraud. I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I am currently assigned to the Transnational Crimes Squad of the Miami Field Office, within the USSS.

2. I am authorized to apply for and execute search warrants and arrest warrants for offenses enumerated in Title 18 of the United States Code. I have participated in and directed numerous investigations involving identity theft, and various types of fraud committed using stolen identities. As a result of my training and experience, I am familiar with the tactics, methods, and techniques of committing various types of fraud violations of federal law.

3. Based on information contained in this Affidavit, I respectfully submit there is probable cause to believe that on or about August 1, 2019, Muller Vedrine ("VEDRINE") knowingly, and with intent to defraud, possessed 15 or more unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3) and knowingly transferred and possessed, without lawful authority, the means of identification of another person, in violation of Title 18, United States Code, Section 1028A(a)(1).

4. The facts set forth in this Affidavit are based on my personal knowledge and observations, the knowledge and observations of other USSS personnel, information and

1

documents received in my official capacity from other sources of information, as well as information gained through my training and experience. The information contained in this Affidavit is true and correct, to the best of my knowledge and belief. This Affidavit is submitted for the limited purpose of establishing probable cause and thus does not include each and every fact known to law enforcement about this investigation.

## PROBABLE CAUSE

5. On or about June 4, 2019, officers with the Miami Dade Police Department ("MDPD") were working a proactive crime prevention detail in the Intracoastal District of North Miami. During the detail, an officer noticed a black Range Rover, with dark window tints, bearing a Georgia temporary tag number 24939936 (the "Range Rover") change lanes rapidly. A records check of the Range Rover's temporary tag revealed that the Range Rover was a stolen vehicle out of Georgia. Thereafter, additional officers arrived on scene and conducted a traffic stop of the Range Rover.

6. The driver of the Range Rover, Muller Vedrine ("VEDRINE") exited the Range Rover and provided officers with his Florida Driver License, which was located inside wallet. Law enforcement also observed VEDRINE with one cell phone in each hand in addition to a cell phone in the center console of the vehicle. VEDRINE made inconsistent statements regarding the cellphone located in the center console, but ultimately claimed possession of all three cell phones. VEDRINE was positively identified and arrested without incident as he was the sole occupant of the vehicle at the time of the traffic stop.

7. Thereafter, law enforcement conducted an inventory search of the Range Rover. Inside the stolen vehicle were seven (7) re-encoded credit cards / gift cards, two fraudulent Florida Driver Licenses displaying a photograph of VEDRINE with personal identification information

("PII") that did not match VEDRINE's true identity, two Target credit card application receipts ~~in the names of victims "T.S.K." and "R.P.M.,"~~ ᴺᵒᵏ and one stolen credit card, among other credit cards and personal items.

8. Law enforcement contacted the listed registered owner of the Range Rover, victim "K.C." K.C. advised law enforcement that on April 7, 2019, she made a report with the MDPD regarding an unknown subject's attempt to get car loans in Georgia using her identity. K.C. also indicated that she did not purchase the Range Rover and she did not authorize anyone to purchase or use the Range Rover.

9. Law enforcement later spoke with the manager of the dealership located in Snellville, Georgia, who indicated that both the Range Rover and a 2018 Red Honda Accord bearing VIN #1HGCV2F383A044580 (the "Honda Accord") were purchased from the dealership by a black female who fraudulently used victim K.C.'s PII.

10. On or about June 10, 2019, law enforcement travelled to the Shoreline at Sole MIA apartment complex located at 2321 Laguna Circle, North Miami, Florida, to attempt to locate the Honda Accord. Law enforcement spoke to the leasing manager of the apartment complex and asked about VEDRINE. The leasing manager indicated that he did not have any records of an individual living at the apartment complex in that name. Law enforcement then provided a photo of VEDRINE and the leasing manager positively identified VEDRINE as the occupant and renter of apartment #1405. The leasing manager further stated that in or around April 2019, VEDRINE came in with another woman in order to tour the apartment complex. Although VEDRINE signed a lease for apartment #1405 and moved in on May 1, 2019, to secure the lease, VEDRINE provided a fraudulent Florida Driver License with a fraudulent hologram bearing victim's "R.M.'s" PII.

11. On or about June 18, 2019, law enforcement obtained a search and seizure warrant for the cell phones that VEDRINE had at the time of the aforementioned traffic stop. The search of the phones is ongoing, but we do have the results of one of the three Apple iPhones found in VEDRINE's possession. The searched Apple iPhone revealed a large amount of PII, including dates of births, social security numbers, and credit card numbers of other people. For example, the searched Apple iPhone revealed the following:

    a. A note in the notes section, which was modified on April 26, 2019. The note is titled "Land Rover". The following is located in the body of the note:

       "Land Rover

       $200 a day

       $175 1 week 1,225

       +

       $400 deposit"

    b. A note in the notes section titled "Honda," which was modified on April 26, 2019. The note is titled "Honda." The following is located in the body of the note:

       "Honda

       $150

       $125 1 week $875

       +

       $300 deposit"

c. A note in the notes section titled "Brick Wells," which was modified on April 3, 2019. In the body of the note is victim K.C.'s name as well as a sixteen digit number, an expiration date, and a zip code.

d. A photo that was created from VEDRINE's Apple iPhone on May 1, 2019. The photo shows the fraudulent R.M. Florida Driver License, in an individuals' hands. This is the same Florida Driver License that was presented to the Shoreline at Sole MIA with VEDRINE's application to rent apartment #1405.

e. A photo that was created from VEDRINE's Apple iPhone on April 25, 2019. The photo is a sample of a Chase Bank savings summary written in the name of victim R.M. whose name is used on the fraudulent Florida Driver License used in the application to rent apartment #1405.

f. A photo that was created from VEDRINE's Apple iPhone on April 25, 2019. The photo is a fraudulent earnings statement in the name of victim R.M., identical to the fraudulent earnings statement that was presented to the apartment complex in the application to rent apartment #1405.

g. Photos of what appear to be the aforementioned Honda Accord and the Range Rover that were fraudulently purchased using victim K.C.'s name.

12. On or about June 21, 2019, law enforcement obtained application records from the apartment complex at Shoreline at Sole MIA, which confirmed that VEDRINE provided a Florida Driver License in the name of victim R.M. to the apartment complex. In addition, VEDRINE provided the apartment complex with an employer in the victim's name, bank records in the victim's name, and an email in the victim's name.

13. On or about August 1, 2019, law enforcement conducted a search warrant on apartment #1405 at the Shoreline at Sole MIA and found VEDRINE as the sole occupant. During the execution of the search warrant, law enforcement identified twenty-five (25) or more access devices in the form of fraudulent Florida Driver Licenses, Florida Driver Licenses belonging to other people, multiple credit and debit cards in other people's names, and various re-encoded cards. Also located in the apartment were various bank statements belonging to multiple other people, along with fraudulent Florida Driver Licenses containing VEDRINE's photograph with other individuals' biographical information, including their dates of birth and driver license numbers.

14. Law enforcement also discovered counterfeit credit and debit card making equipment, including a re-encoding device, a thermal printer used for manufacturing and printing credit cards and identification cards, blank plastic cards with partial images used for making identification cards, and blank white plastic cards containing micro-chips for use with a credit or debit card.

[Space intentionally left blank]

## CONCLUSION

15. Based on the foregoing, I respectfully submit there is probable cause to believe that Muller VEDRINE committed violations of possession of 15 or more unauthorized access devices, in violation Title 18, United States Code, Section 1029(a)(3) and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1).

FURTHER SAYETH YOUR AFFIANT NAUGHT.

Respectfully submitted,

Natalya Kaczmarczyk, Special Agent
United States Secret Service

Sworn and subscribed before me this 2nd day of August, 2019.

JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

7