UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20512-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MULLER VEDRINE,

    Defendant.

_____/

## ORDER ON MOTION TO CORRECT CLEAR ERROR UNDER RULE 35(a)

**THIS CAUSE** is before the Court upon Defendant Muller Vedrine's ("Vedrine") Motion to Correct Clear Error Under Rule 35(a) of the Federal Rules of Criminal Procedure, ECF No. [144] ("Motion") filed on December 21, 2022. The Government filed a Response in Opposition to the Motion, ECF No. [147] ("Response"), to which Defendant did not file a Reply. The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On March 10, 2020, after a bench trial, the Court found Vedrine guilty of two counts of possession of 15 or more unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3) (Counts 1 and 2); two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts 3 and 4); and possession of device-making equipment with intent to defraud in violation of 18 U.S.C. § 1029(a)(4) (Count 5). ECF Nos. [66]-[67]. On August 14, 2020, the Court sentenced Vedrine to a total of 84 months imprisonment consisting of a sentence of 60 months as to each of Counts 1, 2, and 5 to be served concurrently and 24 months each as to

counts 3 and 4 to run concurrently to each other but consecutively to Counts 1, 2, and 5. ECF Nos. [99], [102].

Thereafter, on November 13, 2022, following a restitution hearing the day before, *see* ECF No. [122], the Court entered an Amended Judgment imposing restitution in the amount of $16,361.26. ECF No. [123]. On November 30, 2022, the Court entered a Second Amended Judgment, ECF No. [141], which corrected a clerical error as directed by the Eleventh Circuit's opinion for Vedrine's appeal. See ECF No. [145] at 22; *United States v. Vedrine*, 20-13259 at 19 (11th Cir., December 28, 2022) ("The district court's judgment and amended judgment, however, listed count three as a violation of 18 U.S.C. § 1028(a)(1) rather than 1028A(a)(1) … we must *sua sponte* vacate the district court's judgment and remand for the limited purpose of correcting this error").

On December 14, 2022, Vedrine filed the instant Motion in which he argues that his sentence was erroneously enhanced fourteen offense levels for intended loss" under § 2B1.1(b)(1)(H) of the United States Sentencing Guidelines and should be corrected under Rule 35(a) of the Federal Rules of Criminal Procedure. ECF No. [144] at 2. The Government responds that the Motion should be denied because it is untimely, the Court lacks jurisdiction, the Second Amended Judgment does not contain an arithmetical, technical, or other clear error, and the Motion is contradictory to binding Eleventh Circuit precedent. *See generally* ECF No. [147].

## II.    LEGAL STANDARD

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, 18 U.S.C. § 3582(c) does not permit a district Court to modify an imprisonment sentence except in three circumstances:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

*Id*. at 1195 (internal citations omitted).

Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a); *see also* United States v. Brown, 879 F.3d 1231, 1236 (11th Cir. 2018) ("Rule 35 allows a court to "correct" only a sentence 'that resulted from arithmetical, technical, or other clear error,' and then, only if a motion requesting the change is made within fourteen days of sentencing." (quoting Fed. R. Crim. P. 35(a))). "Rule 35's time limit is jurisdictional and a district court has no inherent authority to modify a sentence outside of those time limits." *United States v. Shaw*, 711 F. App'x 552, 555 (11th Cir. 2017) (internal quotation marks omitted).

### III. DISCUSSION

Vedrine argues that his sentence was erroneously enhanced fourteen offense levels for intended loss under § 2B1.1(b)(1)(H) of the United States Sentencing Guidelines and should be corrected under Rule 35(a) of the Federal Rules of Criminal Procedure. ECF No. [144] at 2. The Government responds that the Motion should be denied because it is untimely, the Court lacks jurisdiction, the Second Amended Judgment does not contain an arithmetical, technical or other clear error, and the Motion is contradictory to binding Eleventh Circuit precedent. *See generally* ECF No. [147].

#### A. Timeliness

Vedrine included with his Motion a certification that it was mailed on December 14, 2022. A *pro se* prisoner's motion "is deemed filed in federal court on the date it is delivered to prison

authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). The Court therefore deems that the Motion was filed on December 14, 2022. The Government contends that Vedrine's Motion does not comply with Rule 35(a)'s fourteen-day time limitation.

As stated above, Rule 35 allows a court to correct a sentence only if the "motion requesting the change is made within fourteen days of sentencing." Brown, 879 F.3d 1231, 1236. "The fourteen-day period under Rule 35(a) 'begins to run when the sentence in a case is orally imposed, and when [the fourteen] days are up the court loses jurisdiction to correct a sentence under that subdivision of the rule.'" *United States v. Black*, 522 Fed. Appx. 803, 805 (11th Cir. 2013) (quoting *United States v. Morrison*, 204 F.3d 1091, 1094 (11th Cir.2000)).

This Court originally imposed sentence on August 14, 2020. It thereafter amended its judgment following a restitution hearing on November 13, 2020 and entered a Second Amended Judgment correcting a clerical error on November 30, 2020. Because the Court's clerically amended sentence was entered on November 30, 2020, the fourteen-day period in which the Court could correct its sentence pursuant to a Rule 35(a) lasted until December 14, 2022.[1] Vedrine timely filed his Motion on December 14, 2022.

B.  **Jurisdiction**

Having established that Vedrine timely filed the instant Motion, the Court turns to the Government's contention that the Court is without jurisdiction to consider a Rule 35 motion more than 14 days after imposition of a sentence.

The Eleventh Circuit has held "that the time limit of Rule 35(a) is jurisdictional and that any modification outside of that time limit is a 'legal nullity.'" *United States v. Silas*, 506 F.

---

[1] The Court notes that the Clerk indicated that the Second Amended Judgment was signed on November 30, 2020, but entered on December 1, 2020. The Court's filing system indicates that the Second Amended Judgment was filed on November 30, 2020, so the Court uses that date. The one day discrepancy would change the 14 day deadline to December 15, 2020, but not alter the analysis.

Case No. 19-cr-20512-BLOOM

App'x 893, 893 (11th Cir. 2013) (quoting *United States v. Phillips*, 597 F.3d 1190, 1196–97 (11th Cir.2010)). Because the 14-day time limit is jurisdictional, "a court loses its ability to consider a motion to reconsider a sentence upon the expiration of the 14 days." *United States v. Leekley*, 377 F. Supp. 3d 1318, 1324 (N.D. Fla. 2019).

When the Court received Defendant's Motion on December 20, 2022, more than fourteen days had passed since the Court entered its Second Amended Judgment. The Court was without jurisdiction to rule on the Motion and remains without jurisdiction to do so. Because the Court lacks subject matter jurisdiction, the Court may not consider the merits of the Motion.[2] For that reason, the Court must deny the Motion.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [144]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 2, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Muller Vedrine
18292-104
Coleman Medium
Federal Correctional Institution

---

[2] The Court notes that Vedrine raised the same substantive argument in his Amended Habeas Petition filed in the civil case also pending before this Court. Amended Habeas Petition, *Vedrine v. United States*, No. 22-24072 (S.D. Fla. Jan. 4, 2023), ECF No. 9. The request for relief will be addressed on the merits in the Court's forthcoming order on the Amended Habeas Petition.

Case No. 19-cr-20512-BLOOM

Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE