UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24072-BLOOM
(Case No. 19-cr-20512-BLOOM)

MULLER VEDRINE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER ON AMENDED MOTION
TO VACATE UNDER 28 U.S.C. § 2255**

**THIS CAUSE** is before the Court on Movant Muller Vedrine's *pro se* Amended Motion Under 28 U.S.C. § 2255, ECF No. [9], raising claims of ineffective assistance of counsel and trial court error in his underlying criminal case number 19-cr-20512-BLOOM.[1] The Court has considered the Amended Motion, Respondent United States of America's Response, ECF No. [11], Movant's Reply, ECF No. [12], the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Amended Motion is dismissed in part and denied in part.

**I.    BACKGROUND**

As explained by the Eleventh Circuit:

> Vedrine was arrested on June 4, 2019, for driving a stolen vehicle. During an inventory search of the vehicle, officers identified seven re-encoded credit cards, two fake IDs with Vedrine's photo but the personal identifiable information of other individuals, and two Target credit card applications. Officers also seized three cell phones. His request for the return of his phones was denied.

---

1 References to docket entries in Movant's criminal case are denoted with "CR ECF No."

> On the day of Vedrine's arrest, the Miami-Dade Police Department contacted Secret Service Special Agent Natalya Kaczmarczyk and informed her of Vedrine's fraudulent items. Fourteen days after Vedrine's arrest, Kaczmarczyk obtained a search warrant for the seized cell phones and data extraction was performed. However, after the extraction, the data was not analyzed for 21 days. Before the data was fully analyzed, a second search warrant was executed on Vedrine's apartment and officers obtained additional incriminating evidence of fraud.
>
> A grand jury indicted Vedrine for five fraud-related crimes . . . Vedrine proceeded to a bench trial, and he was convicted as charged. The district court imposed a total sentence of 84 months' imprisonment, followed by three years' supervised release. The district court entered its judgment and sentence against Vedrine on August 17, 2020, but because the parties did not agree on restitution, it deferred "[t]he determination of restitution ... until October 2, 2020...." Vedrine filed a timely notice of appeal from the judgment.
>
> After a hearing, the district court entered an amended judgment ordering restitution on November 13, 2020. Vedrine did not file a notice of appeal from the amended judgment. Nonetheless, Vedrine argued that the district court erred in granting restitution as part of his briefing on appeal. In its response brief, the government highlighted Vedrine's procedural error and sought dismissal of the restitution claim. Vedrine then filed in this Court a "Motion for Leave to File a Belated Appeal" which included a notice of appeal from the district court's amended judgment.

*United States v. Vedrine*, 2022 WL 17259152, at *1–2 (11th Cir. Nov. 29, 2022) (cleaned up). The Eleventh Circuit dismissed Movant's "restitution claim because his notice of appeal from the amended judgment resolving the restitution issue was untimely" and held that the Court did not err in denying Movant's motion to suppress and remanded for the limited purpose of correcting a clerical error. *Id.* at 7.

The instant Amended Motion was docketed on January 4, 2023. Therein, Movant makes three claims: (1) that his counsel was ineffective for "failing to argue that the district court lacked the authority to apply a 14 level intended loss enhancement, ECF No. [9] at 2, (2) his counsel was ineffective for "failing to request a downward departure based on the economic reality principle

2

where there was no actual loss", *id*. at 4, and (3) "the district court exceeded its jurisdiction when imposing $16,361.26 in restitution for Capital One bank." *Id*. at 5.

## II. LEGAL STANDARDS

### A. Section 2255 Motions

Under section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a) (alterations added). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982) A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. [section] 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cleaned up).

### B. Actual Innocence

"To establish actual innocence, [movant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Id.* (citation omitted).

### C.      Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United*

*States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### III.    DISCUSSION

#### A.    Timeliness

Respondent concedes, and the Court confirms, that the Amended Motion was timely filed. *See* ECF No. [11] at 4.

#### B.    Grounds One and Two

In Ground One, Movant argues that his counsel was ineffective for failing to argue against the inclusion of intended loss in the guideline calculations. *See* ECF No. [9] at 2–4. In Ground Two, he argues his counsel was ineffective for failing to request a downward departure as the loss determination in his case resulted in an offense level that substantially overstated the severity of the offense. *See id.* at 4. Thus, in both grounds, Movant critiques the arguments his counsel made at sentencing.

The record shows that Movant's counsel focused on other objections and areas of argument. *See generally* CR ECF Nos. [86], [128]. At the sentencing hearing, counsel stated that

there were two objections to the guideline calculations in the presentence investigation report. Counsel explained that: "[t]he first, of course, is the loss amount objection based upon the number of unauthorized access devices that the Government is alleging. And the second is the denial of the two points for acceptance of responsibility, which the Defense submits that Mr. Vedrine should be entitled to." CR ECF No. [128] at 7:12–16.

The Court concludes that Movant's counsel made strategic choices after thorough investigation of the law and facts. *See Strickland*, 466 U.S. at 690-91. Such strategic choices are virtually unchallengeable. *See id.* That counsel made different arguments than those proffered by Movant is not enough. *See Dell*, 710 F.3d at 1282 (counsel is not required to present every non-frivolous argument). Thus, Movant fails to show that his counsel rendered deficient performance and Grounds One and Two are denied. *See Strickland*, 466 U.S. at 687–88.

**C.     Ground Three**

Movant argues that the Court "exceeded its jurisdiction when imposing restitution in the amount of $16,361.26 to Capital One Bank, when Capital One was not a victim of the charged offense as defined within Title 18 U.S.C. § 3663A, The Mandatory Victims Restitution Act ("MVRA")." ECF No. [9] at 5. Respondent counters that:

> Vedrine previously attempted to raise this issue with the Eleventh Circuit in an untimely appeal. *United States v. Vedrine*, 20-13259 Appellant's Brief at 45-47. The Eleventh Circuit properly dismissed Vedrine's restitution claim because his notice of appeal from the amended judgment was nearly one-year delinquent and the Government affirmatively sought dismissal. *United States v. Vedrine*, 20-13259 at 18.
>
> Though now sporting jurisdictional and alternative language, Vedrine's core premise remains the same: that the district court erroneously found that Capital One qualified as a "victim" for restitution purposes. He yet again claims because his offenses of conviction did not "involve *as an element* a scheme, conspiracy, or pattern of criminal activity," the district court could not consider acts falling outside the temporal scope of the indictment (CVDE:9; *United States v. Vedrine*, 20-13259,

> Appellant's Brief at 45-46) (emphasis added). Because Vedrine's claim is not jurisdictional, it is procedurally barred.

ECF No. [11] at 5. The Court agrees with Respondent. Because Movant's claim is non-jurisdictional and was not properly raised on appeal—it is procedurally defaulted.[2] Ground Three is thus dismissed.

### D.  Evidentiary Hearing

In a habeas corpus proceeding, the petitioner has the burden to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the issues presented can be resolved based on the record. Indeed, because the Court can "adequately assess [Movant's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### E.  Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Here, Movant fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[2] There are two equitable exceptions to the procedural default rule: "cause and prejudice" and "actual innocence." *Dretke v. Haley*, 541 U.S. 386, 393 (2004). Petitioner bears the sole burden of proving that either one of these exceptions would excuse a procedural default. *See Gordon v. Nagle*, 2 F.3d 385, 388 (11th Cir. 1993) ("A defendant has the burden of establishing cause and prejudice."); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence[.]"). The Court concludes that Movant fails to establish that either of these exceptions excuses his procedurally defaulted claim. *See generally* ECF Nos. [9], [12].

Case No. 22-cv-24072-BLOOM

§ 2253(c)(2). Accordingly, upon consideration of the record, the Court denies the issuance of a certificate of appealability.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Movant's Amended Motion Under 28 U.S.C. § 2255, **ECF No. [9]**, is **DISMISSED** in part and **DENIED** in part. Grounds One and Two are **DENIED**. Ground Three is **DISMISSED**.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Movant is not entitled to appeal *in forma pauperis*.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 9, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Muller Vedrine
18292-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521

Case No. 22-cv-24072-BLOOM

PRO SE

9